IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK BAILEY-BAKER, | ) |
| Plaintiff, | ) Civil Action No. 24-720 |
| v. | ) District Judge Nora Barry Fischer<br>) Magistrate Judge Maureen P. Kelly |
| OFFICER PASQUARELLI and OFFICER SARVER, | ) Re: ECF No. 5 |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Pending before the Court is a Motion to Dismiss, ECF No. 5, filed by Defendants Officer Pasquarelli ("Pasquarelli") and Officer Sarver ("Sarver") (collectively, "Defendants"), requesting that the Complaint, ECF No. 1, filed by Plaintiff Derrick Bailey-Baker ("Bailey-Baker") be dismissed.

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss be denied.

**II.    REPORT**

**A.    FACTUAL AND PROCEDURAL BACKGROUND**

On or about June 10, 2023, Bailey-Baker was a pretrial detainee at the Allegheny County Jail. Id. ¶ 1. Around 8:00 p.m., Bailey-Baker was sitting on bunk, eating supper, when Pasquarelli opened his cell door and told Bailey-Baker to "cuff up." Id. ¶ 2. Bailey-Baker complied by placing his hands behind his back and offering them without resistance. Id.

Pasquarelli handcuffed Baker behind his back, then suddenly wrenched Bailey-Baker's arms up behind his back and pushed him several feet into the metal bunk. Id. ¶ 3. Sarver then tased

Bailey-Baker in the chest, even though Bailey-Baker was not resisting. Id. ¶ 4. Pasquarelli subsequently punched and kicked Bailey-Baker while he was on the ground. Id. At the same time, Sarver continued to tase Bailey-Baker. Id. Neither Sarver nor Pasquarelli tried to stop the other's actions. Id. ¶ 5.

Defendants then placed Bailey-Baker "in the hole." Id. ¶ 6. When Bailey-Baker asked Saver why he was tased, Sarver walked up to Bailey-Baker, pointed his taser at him, and said, "shut up or I'll do it again." Id. Bailey-Baker was "in the hole" for several weeks. Id. At no time did Bailey-Baker resist Defendants or commit any infraction to justify the use of force. Id. ¶ 7.

On May 15, 2024, Bailey-Baker commenced the instant case by filing the Complaint in the United States District Court for the Western District of Pennsylvania. Id.

Based on the above-noted alleged facts, Bailey-Baker alleges Defendants used excessive force against him (Count I) and failed in intervene in each other's use of excessive force (Count II), both in violation of the Fourth Amendment. Id. ¶¶ 8-18.

Defendants filed a Motion to Dismiss and Brief in Support on September 9, 2024. ECF Nos. 5 and 6. Bailey-Baker filed a Brief in Opposition, also on September 9, 2024. ECF No. 7.

The Motion to Dismiss is now ripe for consideration.

C.  **STANDARD OF REVIEW**

    1.  **Motion to Dismiss**

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id.

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. Therefore, the complaint "must allege facts suggestive of [the proscribed] conduct" that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim].").

### D. DISCUSSION

#### 1. Failure to Intervene Claim

In their Brief, Defendants argue that Bailey-Baker's failure to intervene claim fails, because Bailey-Baker does not allege how long the altercation lasted, so Sarver may not have had

a reasonable opportunity to intervene. ECF No. 6 at 3. Further, Defendants aver that Saver was unaware of what precipitated Pasquarelli's use of force. Id. Defendants also argue that a plaintiff may not assert a failure to intervene claim against a defendant who they allege was personally involved in the underlying violation. Id. at 3-4. Thus, Defendants argue that Bailey-Baker has not plead sufficient facts to allege that Defendants had a reasonable opportunity to intervene. As such, Defendants assert that Plaintiff has not properly plead a failure to intervene claim against Pasquarelli or Sarver.

Bailey-Baker responds that, construing his claims in the light most favorable to the non-moving party, Sarver had a reasonable opportunity to intervene in Pasquarelli's use of excessive force. ECF No. 7 at 3. Bailey-Baker also argues that Sarver need not be aware of why force was initially being used against Bailey-Baker for him to allege a cognizable failure to intervene claim. Id. Bailey-Baker further asserts that while Defendants would not be liable for failure to intervene against themselves, they can still be liable for preventing each other's use of excessive force. Id. at 4.

To plead a failure to intervene claim, Bailey-Baker must allege: "(1) the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a 'realistic and reasonable opportunity to intervene.'" Knight v. Walton, No. 12-984, 2014 WL 1316115, at *8 (W.D. Pa. March 28, 2014) (quoting Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002)).

First, the Court turns to whether Sarver would have had a realistic and reasonable opportunity to intervene in Pasquarelli's use of excessive force. Bailey-Baker alleges that Sarver initially tased him while or immediately after Pasquarelli pushed him into the bunk as he was handcuffed. ECF No. 1 at ¶ 4. Bailey-Baker then fell to the ground while handcuffed, and Sarver

4

continued to tase Bailey-Baker while Pasquarelli punched and kicked him. Id. While the facts alleged in the Complaint are somewhat sparse, construing the facts in the light most favorable to Bailey-Baker, there would have been sufficient time for Saver to intervene while Pasquarelli punched and kicked Bailey-Baker. Thus, this argument fails.

Second, the Court considers whether Bailey-Baker must plead Sarver's subjective belief as to Pasquarelli's motivations for being involved in the altercation. Defendants cite no case law for this proposition. ECF No. 6 at 3. Defendants appear to argue that Sarver was "attempt[ing] to quell the altercation that he came upon," but this is an inappropriate argument at the Motion to Dismiss stage when the Court must make all reasonable inferences in Bailey-Baker's favor. Id. Further, as alleged, Sarver tased a handcuffed man on the floor, while Pasquarelli continued to punch and kick him. At that point, any subjective belief as to the impetus for the initial altercation would be moot, because Sarver would have been failing to intervene regarding Pasquarelli's excessive force of punching and kicking, as well as using excessive force himself. Therefore, this argument also fails.

Finally, the Court will evaluate whether a defendant may be liable both for his own use of excessive force and his failure to intervene in another's excessive force. Bailey-Baker and Defendants cite opposing case law for this proposition. ECF No. 6 at 3; ECF No. 7 at 4-5. The Court is unaware of any United States Court of Appeals for the Third Circuit precedent on this issue.

The Court finds the case of Thomason Parnell v. Jackson Twp., No. 21-19326, 2024 WL 2767896, at *7 (D.N.J. May 30, 2024) instructive in evaluating this argument. The United States District Court for New Jersey dealt with this same issue – whether defendants could be liable for failing to intervene in an excessive force incident that they also took part in. The district court found that the case law in this area is unclear. Id. at *9.

5

> Some district courts have taken the position that so long as a defendant was a direct participant, the defendant cannot be liable as a matter of law for failing to intervene – even if other defendants engaged in unconstitutional force simultaneously. . . . Not every court has agreed with this approach, with some district courts recognizing a tension between the two theories of liability but finding nothing in the law that bars a defendant who directly participates in the use of excessive force from also being liable for failing to intervene to stop others from acting unconstitutionally.

Id. (collecting cases). Ultimately the Parnell Court reasoned that

> [t]o hold as a matter of law that Plaintiff here cannot assert both an excessive force and failure-to-intervene claim against the officers could lead to perverse results. An officer could know that another officer is using unconstitutional force and could have a realistic opportunity to prevent that other officer from continuing to use that force notwithstanding the officer's own participation in the incident.

Id. at *10. The district court also noted that if either defendant was not found liable for excessive force, then the other could not be held liable for failure to intervene. Id. at *10 n. 3.

With this in mind, and at this initial stage in the case, construing all reasonable factual inferences in favor of Bailey-Baker, the Court finds that Bailey-Baker may exert failure to intervene claims against Pasquarelli and Sarver, in additional to excessive force claims – especially given that there are no Third Circuit cases indicating otherwise. It agrees with the District Court for New Jersey that an alternative holding may lead to "perverse results." As pleaded in the Complaint, Pasquarelli may be liable for failing to intervene in Saver's alleged use of excessive force; Sarver may be liable for failing to intervene in Pasquarelli's alleged use of excessive force.

Therefore, the Court recommends that Defendants' Motion to Dismiss be denied as to the failure to intervene claim at Count II.

    2.    **Excessive Force Claim**

In their Brief, Defendants argue that Plaintiff cannot allege a cognizable Fourth Amendment claim, because he was a pretrial detainee at the Allegheny County Jail. ECF No. 6 at 4-5. Accordingly, any excessive force claim Bailey-Baker may have would arise under the Fourteenth Amendment. Id.

In response, Plaintiff stipulates that the Fourteenth Amendment is the appropriate vehicle for his excessive force claim. ECF No. 7 at 6.

Accordingly, with adoption of the Report and Recommendation, the Court should direct the parties to file a joint stipulation that the excessive force claim will be treated as arising under the Fourteenth Amendment.

### E.   CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 5, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: March 6, 2025

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Nora Barry Fischer
      United States District Judge

      All counsel of record via CM/ECF.